[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT
At the hearing on the Motion for Deficiency Judgment the plaintiff presented an appraisal which indicated that the fair market value of the property subject to the mortgage, a three-family house located at 58-60 Bond Street, Hartford, Connecticut as of September 10, 1992, the date on which the the title vested in the plaintiff, was $135,000. This estimate as to value was based primarily on an analysis of three sales of comparable property located within three quarters of a mile of the subject property, which sales all took place within three months of the title vesting date. The plaintiff's appraiser, Thomas F. Mooney III, testified that there was an oversupply of two and three family houses in CT Page 2672 the south end of Hartford, where the subject property is located. The combination of an oversupply of houses and increased taxes had led to a decline in prices and an increased marketing time for the three family houses in the area. The three comparable sales properties had sales prices ranging from $132,000 to $145,000. Mr. Mooney adjusted those prices to reflect that the comparable properties had larger lots than the subject property. He also adjusted for the fact that each comparable sales property had a garage, unlike the subject property, and made adjustments for the smaller or larger living area of the comparable sales properties.
The defendant presented the testimony and report of an appraiser, Peter Marsele. His opinion of fair market value was also based on the sales prices of three comparable properties which sold between eleven and five months prior to the date of title vesting in the plaintiff. Mr. Marsele stated that although there had been a general decline in real estate values in the area of the subject property, three family dwellings did not decline in value. In comparing the subject property to the comparable sales property Mr. Marsele considered that the subject property had eighteen rooms. Mr. Mooney considered that the subject property had fifteen rooms. Mr. Marsele explained that he was considering the landing area on each floor around the common stairway going between the apartments to constitute a room. The court finds that the common landing area did not constitute a room. Mr. Marsele did not adjust at all for the larger land area of the comparable sales properties, although his first comparable sale property was almost three times larger in land area than the subject property. Mr. Marsele also adjusted the prices of the comparable sales properties based on his erroneous assumption that the subject property had eighteen, rather than fifteen, rooms. Mr. Marsele did not adjust for the fact that comparable sales properties had more square feet of living area than the subject property.
The court finds that the opinion of Mr. Mooney was more credible than that of Mr. Marsele. The comparable sales properties used by Mr. Mooney were closer in time to the title vesting date than those used by Mr. Marsele and the adjustments used by Mr. Mooney appeared to be more appropriate than those used by Mr. Marsele. Based on the testimony of both appraisers, the court finds that the fair market value of the property subject to the mortgage, 58-60 Bond Street, CT Page 2673 Hartford, Connecticut as of September 10, 1992 was $145,000. The court awards the amount of $1450.00 for additional attorneys fees incurred by the plaintiff in connection with the deficiency judgment and an additional appraisal fee of $550.00. Based on the foregoing, a deficiency judgment in the amount of $14,605.21 may enter in favor of the plaintiff.
By The Court Aurigemma, J.